IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| Shoe Sensation, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Liberty Mutual Fire Insurance Company, <br><br> Defendant. | Civil Action No. 4:24-cv-18 |

# COMPLAINT

This is an action for bad faith insurance practices by Liberty Mutual Fire Insurance Company in denying Shoe Sensation, the insured, coverage of the loss of three separate trailers of shoes owned by Shoe Sensation and tendered for shipment to its Jeffersonville, Indiana warehouse.

## The Parties

1. Shoe Sensation is a Delaware corporation with its principal place of business in Jeffersonville, Indiana. Shoe Sensation operates shoe stores throughout the Midwest and South and a retail website.

2. Liberty Mutual Fire Insurance Company is a Wisconsin stock insurance company with its principal place of business in Massachusetts. Liberty Mutual Fire Insurance Company issued the relevant insurance policy at issue in this case.

## Jurisdiction and Venue

3. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest in costs.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## Facts

*The Policy*

5. Shoe Sensation has been insured by Liberty Mutual since 2021, under a policy that extends coverage to its "covered property while in transit." At the time the policy was purchased, Shoe Sensation discussed the terms of its coverage with Liberty Mutual, including particularly the amount of coverage for inventory in transit.

6. In June of 2021, Shoe Sensation requested and Liberty Mutual agreed to provide coverage for inventory property in transit up to $300,000 per load, based on Shoe Sensation's reporting that semi-trucks carrying full loads of shoes often require in excess of $300,000 in coverage per truck. Liberty Mutual agreed to this coverage on June 25, 2021, and Shoe Sensation specifically requested the optional extension of coverage at the higher per-shipment coverage amount.

7. Liberty Mutual maintained this coverage of $300,000 per load of inventory in each of the annual renewals of Shoe Sensation's policy, including the policy period beginning June 30, 2023.

8. The policy also provides a valuation for Finished Goods and Merchandise at Selling Price, valuing such property ("finished goods and merchandise of others held by you for sale or resale") at "[t]he regular cash selling price at the location where the loss happens,

less all discounts and charges to which the finished goods or merchandise would have been subject had no loss occurred."

9. Shoe Sensation timely paid its premiums for its Liberty Mutual insurance policy; in this and in all other ways Shoe Sensation has fully complied with all the policy terms and conditions.

*The Lost Trailers*

10. In August 2023, Shoe Sensation contacted C.H. Robinson Worldwide, Inc. ("CHRW"), a logistics solutions company, to transport thousands of pairs of new shoes from the Skechers warehouse in Southern California to Shoe Sensation's warehouse in Jeffersonville, Indiana.

11. Three separate bills of lading for the shipments were issued, dated August 18, August 21, and August 22, detailing the specific cargo to be included in each shipment.

12. After being picked up at the warehouse in Southern California on three separate days, each of the three trailers disappeared en route from California to Indiana, and efforts to locate them have been unsuccessful. Shoe Sensation filed multiple reports with California law enforcement officials, but to date, none of the trailers has been recovered.

13. The retail value of the inventory in the lost trailers is, respectively, $514,823.37, $375,801.90, and $564,772.11, for a total of $1,455,397.38.

*The Insurance Claim*

14. Shoe Sensation timely reported these losses to Liberty Mutual, its insurer.

15. Upon request, Shoe Sensation timely provided Liberty Mutual with additional information related to these three thefts, including the bills of lading for each shipment, and the police reports filed with the local police in California.

16. On September 27, 2023, Liberty Mutual sent Shoe Sensation a letter regarding the three losses, in which Liberty Mutual highlighted provisions of the insurance policy that it purported to be relevant to the claim, including that coverage would only pay "for a covered loss to your personal property, including personal property of others and valuable papers and records, at or within one thousand (1,000) feet of a covered location."

17. This provision is not relevant to the current claim because the policy specifically covers property in transit, up to $300,000 per load as discussed above, regardless of proximity to any Shoe Sensation location.

18. In that September 27 letter, Liberty Mutual requested additional information from Shoe Sensation regarding the losses. Shoe Sensation provided all requested information.

19. Shoe Sensation did not hear from Liberty Mutual again until November 7, 2023, when it received another letter regarding Liberty Mutual's determination of coverage.

20. In that November 7 letter, Liberty Mutual determined that the three separate thefts on three different dates were nonetheless one occurrence, not three occurrences.

21. Liberty Mutual further determined that Shoe Sensation's policy covered it for $300,000 per occurrence, not per lost shipment. Based on this, Liberty Mutual informed Shoe Sensation that it was only eligible for payment in the amount of $300,000 – not $900,000 ($300,000 per lost load of inventory) or $1,455,397.38 (the total retail value of the lost trailers).

22. Along with its November 7 letter relaying the above decision, Liberty Mutual sent a check in the amount of $300,000 to Shoe Sensation in the interest of closing the

matter without further conversation or deliberation about whether this decision was well-founded.

23. Shoe Sensation did not, and has not, deposited that check.

24. On January 18, 2024, Liberty Mutual again reached out to Shoe Sensation, inquiring whether the matter was considered closed.

25. In response, Shoe Sensation asked Liberty Mutual to provide a copy of its investigative file. However, Liberty Mutual apparently has no such investigative file and did not undertake any investigation before concluding the losses were a single occurrence, rather than multiple occurrences. Therefore, Liberty Mutual had no legitimate basis to take this position and deny Shoe Sensation the full recovery to which it is entitled.

26. In reaching its decision that Shoe Sensation is only entitled to $300,000 for the loss of three different shipments of shoes with a total retail value of $1,455,397.38, Liberty Mutual did not undertake a diligent investigation into the loss despite professing to know details about the losses; ignored the specific requested and paid-for policy language that provides $300,000 of coverage per semi-truck shipment of shoes, agreed to by the parties when Shoe Sensation first obtained insurance coverage from Liberty Mutual; tried first to rely on an irrelevant policy provision in its determination of Shoe Sensation's claims, before ultimately denying the bulk of the claim a month and a half later on other grounds; and pressuring Shoe Sensation into settling for a much smaller amount than what it is owed by sending a check along with its determination letter, and repeatedly asking Shoe Sensation whether the matter was considered closed even while Shoe Sensation indicated it continued to review.

## COUNT I

### Breach of Contract

27. Plaintiff repeats and realleges the allegations of paragraphs 1 – 26 of the Complaint as though fully set forth herein.

28. As an insurer, Liberty Mutual was contractually obligated to provide coverage to Shoe Sensation pursuant to the policy agreed to by the parties. Specifically, Liberty Mutual was obligated to provide coverage of $300,000 per shipment of inventory, per the terms of the policy.

29. Liberty Mutual breached its duty to Shoe Sensation by denying Shoe Sensation the full coverage to which it was due – $300,000 for each of the three shipments, for $900,000 total – instead offering only $300,000 in compensation.

30. Shoe Sensation fully performed all of its duties under the insurance contract.

31. Shoe Sensation has suffered consequential damages as a result of Liberty Mutual's breach of the insurance contract.

## COUNT II

### Bad Faith Insurance Practices

32. Plaintiff repeats and realleges the allegations of paragraphs 1 – 31 of the Complaint as though fully set forth herein.

33. As an insurer, Liberty Mutual has a legal duty to deal in good faith with its insured.

34. Liberty Mutual failed to comply with this legal duty by making a determination of Shoe Sensation's claims that lacked a legitimate basis.

35. Liberty Mutual further failed to comply with its legal due to deal in good faith

by causing an unfounded delay in the full payment to which Shoe Sensation is owed, deceiving the insured by claiming to have specific information about the losses only to later claim it did not have an investigative file to share, and exercising an unfair advantage to pressure Shoe Sensation into settlement of their claims.

Wherefore, Shoe Sensation demands judgment in its favor against Liberty Mutual in the amount of $900,000.00 ($300,000 for each of the three lost shipments), plus the fees, expenses, and lost management time it has incurred in connection with contesting Liberty Mutual's bad faith coverage position, and such other relief as this Court may deem just and proper.

Shoe Sensation further demands trial by jury.

Dated: February 1, 2024

By  /s/ *Clark C. Johnson*

Clark C. Johnson
Heather Gatnarek
Kaplan Johnson Abate & Bird LLP
710 West Main Street
Louisville, KY 40202
Tel: (502) 416-1630
cjohnson@kaplanjohnsonlaw.com
hgatnarek@kaplanjohnsonlaw.com