UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| SHOE SENSATION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-00018-TWP-KMB |
| ) | |
| LIBERTY MUTUAL FIRE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Presently pending before the Court is Plaintiff Shoe Sensation, Inc.'s Motion to Strike Affirmative Defenses. [Dkt. 24.] For the reasons explained below, the motion is **GRANTED IN PART** and **DENIED IN PART**, such that affirmative defenses 3, 8-16, and 24-28 are hereby **STRICKEN**. Defendant Liberty Mutual Fire Insurance Company may file an amended answer correcting the deficiencies described below **within 14 days of the issuance of this Order**.

### I.  BACKGROUND

Plaintiff Shoe Sensation, Inc., ("Shoe Sensation") is suing Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") for breach of contract and bad faith insurance practices. [Dkt. 1.] The background set forth below is not objectively true, rather it is based on allegations in Shoe Sensation's Complaint or in Liberty Mutual's Answer.

The Complaint alleges that Shoe Sensation contracted with a non-party logistics solutions company to transport three shipments of sneakers from a manufacturer's warehouse in California to Shoe Sensation's warehouse in Indiana. [*Id.* at ¶ 10.] All three shipments disappeared in transit, and Shoe Sensation allegedly incurred a total loss of $1,455,397.38. [*Id.* at ¶¶ 12-13.]

Shoe Sensation submitted an insurance claim to Liberty Mutual requesting reimbursement in the amount of $300,000 for each of the three lost shipments, which is the maximum reimbursement allowed per shipment under their policy agreement. [*Id.* at ¶¶ 7, 14.] Initially, Liberty Mutual denied the claim, citing a provision of the policy agreement stipulating that Liberty Mutual would only pay "for a covered loss to [Shoe Sensation's] personal property, including personal property of other and valuable papers and records, at or within one thousand (1,000) feet of a covered location." [*Id.* at ¶ 16.] The Complaint alleges that the cited provision is not relevant to Shoe Sensation's insurance claim because the policy specifically covers property in transit up to $300,000 per shipment regardless of the proximity to any Shoe Sensation location. [*Id.* at ¶ 17.]

After Shoe Sensation provided additional information about the lost shipments, Liberty Mutual determined that the policy did cover the loss but capped reimbursement at a total of $300,000 dollars, reasoning that the three lost shipments amounted to a single occurrence, and that the policy caps Shoe Sensation's reimbursement at $300,000 per occurrence rather than per shipment. [*Id.* at ¶ 21.] Liberty Mutual allegedly conducted no investigation before making this determination and did not have a good faith basis to cap coverage at $300,000 rather than the $900,000 to which Shoe Sensation was allegedly owed under the policy. [*Id.* at ¶ 25.] Liberty Mutual sent Shoe Sensation a check for $300,000, which Shoe Sensation has not deposited. [*Id.* at ¶¶ 22-23.]

In the Answer to the Complaint, Liberty Mutual asserts twenty-eight affirmative defenses. [Dkt. 19 at 5-11.] Shoe Sensation moves to strike seventeen of these affirmative defenses as inadequately pled. [Dkt. 24.] The challenged defenses include failure to state a claim upon which relief may be granted (Affirmative Defenses 1 and 2), defenses reserving the right to raise additional affirmative defenses in a later pleading (Affirmative Defenses 3 and 28), defenses that

Shoe Sensation characterizes as challenging the merits of its claims (Affirmative Defenses 8-16, 24, and 27), and defenses Shoe Sensation characterizes as "catch-alls" (Affirmative Defenses 15, 25, 26, and 28). [Dkt. 25 at 6-10.] Liberty Mutual opposes Shoe Sensation's motion, [dkt. 26], and Shoe Sensation filed a reply in support of the relief it requests, [dkt. 30].

## II.  LEGAL STANDARD

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In general, motions to strike are disfavored because they "potentially serve only to delay" the proceedings. *Heller Fin., Inc. v. Midwhey Power Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). However, motions to strike may be appropriate when they expedite matters by "remov[ing] unnecessary clutter from the case." *Id.* A court may thus strike defenses that are "insufficient on the face of the pleadings," that fail "as a matter of law," or that are "legally insufficient." *Id.* District courts have considerable discretion in ruling on motions to strike. *Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009).

Federal Rule of Civil Procedure 8(c) requires defendants to plead any affirmative defenses in their answer. A defense is an affirmative defense if it is specifically enumerated in Rule 8(c), if the defendant bears the burden of proof, or if the defense does not require controverting the plaintiff's proof. *See Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 872 (7th Cir. 2012). A court may properly strike a defense that does not meet this standard but that a party nonetheless pleads as an affirmative defense. *See, e.g.*, *Ford v. Psychopathic Records, Inc.*, 2013 WL 3353923, at *7 (S.D. Ill. July 3, 2013). A court may also strike defenses that are stated as "bare bones

3

conclusory allegations" and omit "any short and plain statement of facts and fail[] totally to allege the necessary elements of the alleged claims." *Heller*, 883 F.2d at 1295.[1]

### III. DISCUSSION

As mentioned above, Shoe Sensation moves to strike seventeen of Liberty Mutual's affirmative defenses, which Shoe Sensation groups into four categories: 1) defenses alleging that the Complaint fails to state a claim upon which relief may be granted, 2) defenses that reserve the right to raise additional affirmative defenses in an amended answer, 3) defenses challenging the validity of Shoe Sensation's claims on the merits, and 4) "catch-alls." The Court will address each of these categories in turn.

**A. Failure to State a Claim – Affirmative Defenses 1 and 2**

Affirmative Defense 1 asserts that "the Complaint is barred, in whole or in part, because it fails to state a cause of action against Liberty Mutual upon which relief may be granted." [Dkt. 19 at 6 (cleaned up).] Affirmative Defense 2 asserts that "the Complaint fails to state a claim for bad faith and/or contractual damages against Liberty Mutual upon which relief may be granted." [*Id.* (cleaned up).]

Shoe Sensation argues that these defenses should be stricken for two reasons. First, it argues that "failure to state a claim is not an affirmative defense; it is a recitation of the standard for a motion to dismiss." [Dkt. 25 at 6 (quoting *Taylor v. Chase*, 2016 WL 6575072, at *3 (N.D. Ind. Nov. 7, 2016)).] Second, it argues that these defenses, as set forth in the Answer, "are bare

---

[1] Neither the Supreme Court nor the Seventh Circuit has determined whether the heightened pleading standard for complaints set forth in *Twombly* and *Iqbal* also applies to affirmative defenses. *See, e.g.*, *Leonard v. Trustees of Indiana Univ.*, 2019 WL 3306181, at *2 (S.D. Ind. July 23, 2019). The Court need not wade into these uncharted waters to resolve the present motion. As explained below, all waivable affirmative defenses at issue here fail under the less demanding *Heller* standard. *See infra* at Sec. III-C, III-D.

bones, conclusory allegations" that do not provide "enough, or any, factual matter to meet the less-demanding *Heller* standard." [*Id.*] Shoe Sensation also argues that "[t]o the extent Defendant contends that the inclusion of these defenses is somehow 'harmless,' so too is striking them to remove clutter from the case." [*Id.*]

In response, Liberty Mutual relies on two previous decisions from this District denying motions to strike affirmative defenses for failure to state a claim. [Dkt. 26 at 4 (citing *Brown v. Rosie's Place Zionsville, LLC*, 2020 WL 6946465, at *2 (S.D. Ind. Nov. 25, 2020); *Leonard*, 2019 WL 3306181, at *2).] Those cases reasoned that failure to state a claim is a non-waivable affirmative defense and that striking the defense from the Answer is unnecessary. [*Id.*]

Shoe Sensation does not respond to these arguments directly in its reply brief. [Dkt. 30.] Instead, it suggests that the better approach would have been for Liberty Mutual to move for a more definite statement under Federal Rule of Civil Procedure 12(e), move to dismiss for failure to state a claim under Rule 12(b)(6), or move for leave to file an amended complaint after conducting discovery. [*Id.* at 4.]

The Court agrees with Liberty Mutual that failure to state a claim upon which relief may be granted is a non-waivable defense. Federal Rule of Civil Procedure 12(h) expressly states that a defendant does not waive this defense by failing to include it in the answer and that it may be raised for the first time in a motion for judgment on the pleadings under Rule 12(c) or at trial. As previously reasoned in *Leonard*, a defendant is not required to plead this defense in the answer at all and, thus, failing to meet the *Heller* standard in the answer has no effect on a defendant's ability to raise the defense in a subsequent motion or at trial. 2019 WL 3306181, at *2; *accord Barrett v. Invictus Real Estate Group, LLC*, 2020 WL 7384681, at *3-4 (S.D. Ind. Dec. 16, 2020). Shoe Sensation's point about unnecessary clutter is well-taken, but under these circumstances, the

Court finds that striking Affirmative Defenses 1 and 2 would not provide any benefit to Shoe Sensation and could lead to confusion by giving the false impression that Liberty Mutual is precluded from raising this defense in a subsequent motion or at trial. Accordingly, Shoe Sensation's request to strike Affirmative Defenses 1 and 2 is **DENIED**.

### B. Reserving the Right to Amend – Affirmative Defenses 3 and 28

Affirmative Defense 3 asserts defenses of "accord and satisfaction, assumption of risk, contributory negligence, estoppel, failure of consideration, payment, and waiver." [Dkt. 19 at 6.] It also states that Liberty Mutual "intends to rely upon such other affirmative defenses that may become available or apparent during the course of discovery and reserves the right to amend its Answer and Affirmative Defenses to assert such additional defenses." [*Id.*] Affirmative Defense 28 reserves the right to add additional affirmative defenses based on "any other terms, conditions, limitations, requirements, deductibles, and exclusions contained in the Policy." [*Id.* at 11.]

Shoe Sensation argues that reserving the right to add additional affirmative defenses is not an affirmative defense at all and should be stricken from the Answer as unnecessary clutter. [Dkt. 25 at 6-7.] In response, Liberty Mutual argues that the Court should not strike these defenses because their inclusion in the Answer is not prejudicial. [Dkt. 26 at 5.] In reply, Shoe Sensation argues that a showing of actual prejudice is not required to prevail on a motion to strike affirmative defenses, that the authority Liberty Mutual relies on for that proposition is inapplicable, and that even if a showing of prejudice was required, Shoe Sensation has met that standard because the Answer as a whole contains a grocery list of bare bones defenses that do not satisfy the pleading requirements under *Heller* and which will require Shoe Sensation to conduct extraneous discovery. [Dkt. 30 at 2-4.]

The Court agrees that the reservations that Liberty Mutual set forth in Affirmative Defenses 3 and 28 are not affirmative defenses. Because they merely add clutter to the Answer and could give the false impression that Liberty Mutual has the right to add additional affirmative defenses at any time, Shoe Sensation's request to strike Affirmative Defenses 3 and 28 is **GRANTED**. *See Barrett*, 2020 WL 7384681, at *5 (striking defendant's unnecessary attempt to reserve the right to add additional defenses). Nothing in this Order precludes Liberty Mutual from seeking leave to add additional affirmative defenses in an amended answer under Rules 16(b)(4) and 15(b)(2). *See Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) (holding that when the deadline to seek leave to amend the pleadings has passed, a district court is "entitled to apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) were satisfied."); [dkt. 32 at 3 ("All motions for leave to amend the pleadings . . . shall be filed on or before July 1, 2024").]

### C. Validity on the Merits – Affirmative Defenses 8-14, 16, 24, and 27

Shoe Sensation argues that Affirmative Defenses 8-14, 16, 24, and 27 challenge the merits of its claims and are therefore not affirmative defenses. [Dkt. 25 at 8.] It also argues that Liberty Mutual's Answer sets forth these defenses in a conclusory fashion without any accompanying factual allegations.[2] [*Id.* at 7.] Shoe Sensation specifically directs the Court to Liberty Mutual's use of the conditional language "to the extent," in Affirmative Defenses 8-10, 12, 13, 24 as indicative of the apparent lack of accompanying factual allegations specific to this case. [*Id.*; *see, e.g.*, dkt. 19 at 8 (Affirmative Defense 10 ("Plaintiff's claims are barred, in whole or in part, *to the*

---

[2] Shoe Sensation also moves to strike Affirmative Defense 15 on the same grounds. Because the Court strikes Affirmative Defense 15 in the next section of this Order, *see infra* Sec. III-D, it will not further address Affirmative Defense 15 here.

7

*extent* Plaintiff waived, or is estopped from asserting, its rights under the insurance policy referenced in the Complaint.") (emphasis added)).]

In response, Liberty Mutual argues that including the words "to the extent" in some of its affirmative defenses does not automatically mean that those defenses are insufficiently pled, that it used this language to mirror language in Shoe Sensation's policy agreement, and that the factual allegations supporting these Affirmative Defenses should be obvious in the context of Shoe Sensation's policy agreement. [Dkt. 26 at 6-9.] It also argues that Shoe Sensation's alleged failure to satisfy certain policy requirements is a recognized affirmative defense, as are partial payment, and failure to mitigate damages. [*Id.* at 10-11.]

Shoe Sensation replies that Liberty Mutual "fails to engage in any meaningful way with the *Heller* standard." [Dkt. 30 at 1.] Shoe Sensation also argues that Liberty Mutual's use of conditional language in its affirmative defenses emphasizes that it has not set forth any factual allegations to support these defenses, as required under *Heller*. [*Id.* at 4-7.]

Having reviewed the Parties' arguments and Liberty Mutual's Answer, the Court rules as follows. Affirmative Defense 16 is not a true affirmative defense because it merely denies Shoe Sensation's claims for breach of contract and bad faith. [Dkt. 19 at 16 ("Plaintiff's claims are barred because Liberty performed each and every duty allegedly owed to Plaintiff."); *see also Winforge*, 691 F.3d at 872 (holding that a defense contesting the elements of a breach of contract claim is not an affirmative defense but is instead a challenge to the elements of the plaintiff's claim itself).] The Court finds that including this argument in the Answer as an "affirmative defense" is likely to confuse certain issues, such as which Party bears the burden of proof on the elements of Shoe Sensation's claims. *See id.* (explaining that the plaintiff bears the burden of proof on the elements of its claims, but that the defendant may bear the burden of proof on an affirmative

defense). Accordingly, Shoe Sensation's request to strike Affirmative Defense 16 is **GRANTED**. The Court emphasizes, however, that nothing in this Order relieves Shoe Sensation of its burden to prove the elements of its breach of contract and bad faith claims as this case proceeds.

The remaining defenses do appear to be legitimate affirmative defenses, but they lack any accompanying factual allegations specific to this case and are therefore insufficiently pled under *Heller*. For example, Liberty Mutual asserts that Shoe Sensation failed to mitigate its damages but does not explain how. [Dkt. 19 at 8.] It also asserts that Shoe Sensation failed to satisfy certain policy conditions but does not identify what those conditions are. [*Id.* at 7, 8, 11.] It claims that Shoe Sensation's losses may be covered by another insurance policy but provides no details about that policy and concedes in its response brief that it is not actually aware of any such insurance policy. [*Id.* at 10; dkt. 26 at 9.] Liberty Mutual also claims that Shoe Sensation has received compensation limiting, in whole or in part, the relief it may obtain in this lawsuit but does not explicitly state what that payment was or whether that payment completely bars, rather than merely limits, an award of compensatory or punitive damages.[3] [Dkt. 19 at 7, 8, 11.]

As previously reasoned in *Leonard*, "*Heller* requires at least minimal factual content – failing to plead anything more than the assertions of 'failure to mitigate damages,' 'waiver, estoppel, unclean hands, and laches,' 'timeliness,' or 'after acquired evidence,' constitutes grounds for striking the defenses." 2019 WL 3306181, at *3. Applying this same reasoning to the case at hand, the

---

[3] If the partial payment Liberty Mutual is referring to in Affirmative Defense 12 is the $300,000 check it allegedly sent to Shoe Sensation, then it would appear to be duplicative of, or at least overlap with, Affirmative Defense 4, which Shoe Sensation does not challenge in its Motion to Strike. [*See* dkt. 19 at 6: Affirmative Defense 4 ("Plaintiff's claims are barred because its insurance claim is limited to payment of $300,000 pursuant to the per-occurrence sublimit reflected in Section E.4.j. of the Policy's declarations.").] The fact that the Court cannot discern how these two defenses interact further demonstrates that Affirmative Defense 12 does not provide Shoe Sensation with adequate notice under *Heller*.

Court finds that Affirmative Defenses 8-14, 24, and 27 fail to meet the *Heller* pleading standard, and Shoe Sensation's request to strike these affirmative defenses is **GRANTED**.

### D. "Catch-alls" – Affirmative Defenses 15, 25, 26

Affirmative Defense 15 claims that "Liberty [Mutual] pleads all applicable statutory protections." [Dkt. 19 at 9.] Affirmative Defense 25 claims that "Liberty [Mutual] pleads all statutory limitations, protections, and/or provisions applicable to insurers in Indiana." [*Id.* at 10.] Affirmative Defense 26 claims that "Liberty [Mutual] pleads all statute of limitations, prescriptive periods, and/or time limitations in the Policy or otherwise which may be applicable to Plaintiff's claims." [*Id.* at 11.]

Shoe Sensation characterizes these defenses as "catch-alls." [Dkt. 25 at 9.] It argues that by raising these defenses, Liberty Mutual "seeks to cast as wide a net as is possible by invoking unknown and limitless grounds for possible future defenses. Such defenses are far too broad and unspecific to provide Plaintiff fair notice of what is being asserted and should be struck."[4] [*Id.* (internal citations and quotation marks omitted).]

In response, Liberty Mutual argues that the lack of specificity in the Complaint necessitated similarly non-specific affirmative defenses, arguing that the Complaint leaves open questions about which State's law applies (Indiana, California, or "unknown states in between"), whether the bad faith claim is rooted in common law or statute, and how the three shipments of sneakers allegedly came to "disappear."[5] [Dkt. 26 at 11-12.]

---

[4] Shoe Sensation also moves to strike Affirmative Defense 28 on the same grounds. Because the Court strikes Affirmative Defense 28 in the a preceding section of this Order, *see supra* at Sec. III-B, it will not further address Affirmative Defense 28 here.

[5] Contrary to this assertion, the Complaint twice characterizes the lost shipments as "theft." [Dkt. 1 at ¶¶ 15, 20.]

10

Shoe Sensation argues that the Complaint is straightforward and does not warrant a vague Answer.  [Dkt. 30 at 3-4, 6-7.]  It also argues that Liberty Mutual has other tools at its disposal to discern a more detailed basis for its breach of contract and bad faith claims, such as a motion for a more definite statement under Rule 12(e) or a motion to dismiss under Rule 12(b)(6).  [*Id.*]

The Court agrees with Shoe Sensation that Liberty Mutual's Affirmative Defenses 15, 25, and 26 are insufficiently pled under *Heller*.  These defenses are not accompanied by any factual allegations, they cover an indefinite number of statutory provisions and statutes of limitations from an unknown number of possible jurisdictions, and they do not provide Shoe Sensation with meaningful notice of the defenses that Liberty Mutual intends to raise.  If Liberty Mutual truly believed that the Complaint did not provide fair notice of the basis for Shoe Sensation's breach of contract and bad faith claims, it could have filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) or a motion for a more definite statement under Rule 12(e).  It also could have propounded requests for admissions under Rule 36, interrogatories under Rule 33, or other appropriate discovery requests.

What Liberty Mutual cannot do is what it has done here—file an Answer with a grocery list of bare bones, conclusory affirmative defenses that fail to provide Shoe Sensation with fair notice.  *See Barrett*, 2020 WL 7384681, at *4 ("[Defendant] argues that striking these defenses would be premature because it has not yet conducted discovery.  In fact, the proper course of action would be to conduct discovery and then seek to amend the pleading, rather than immediately trying to place the burden on [Plaintiff]") (internal citations omitted).  Accordingly, Shoe Sensation's request to strike Affirmative Defenses 15, 25, and 26 is **GRANTED**.

## IV.  CONCLUSION

For the reasons explained above, Shoe Sensation's Motion to Strike Affirmative Defenses is **GRANTED IN PART** and **DENIED IN PART**.  Affirmative Defenses 3, 8-16, and 24-28 are hereby **STRICKEN**.  Liberty Mutual may file an amended answer correcting the deficiencies described above **within 14 days of the issuance of this Order**.

**So ORDERED**.

Date: 8/5/2024

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email