UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| SHOE SENSATION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-00018-TWP-KMB |
| ) | |
| LIBERTY MUTUAL FIRE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL**

Pending before the Court is Plaintiff Shoe Sensation, Inc.'s ("Shoe Sensation") Motion to Compel Document Production. [Dkt. 44.] The main dispute between the Parties in this lawsuit focuses on the definition of the term "occurrence" in the insurance policy at issue. Shoe Sensation now seeks to compel Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") to produce documents related to 1) Liberty Mutual's determinations about the number of "occurrences" for other insureds where that term is in dispute, and 2) Liberty Mutual's loss reserves information related to this case. [Dkt. 45.] For the reasons detailed herein, the Court grants Shoe Sensation's request to compel Liberty Mutual to produce documents related to Liberty Mutual's loss reserves information in this case, specifically as that request was narrowed during the meet and confer process. The Court keeps Shoe Sensation's other request under advisement at this time.

**I.    RELEVANT BACKGROUND**

Shoe Sensation has been insured by Liberty Mutual since 2021. [Dkt. 1 at 2.] It alleges that in August 2023, three truckloads of its merchandise being transported from California to Jeffersonville disappeared. [*Id.* at 2-3.] Shoe Sensation reported the loss to Liberty Mutual as

three separate claims—one for each truckload of merchandise. The insurance policy at issue has a $300,000 per occurrence coverage limit. [*Id.*]

On November 7, 2023, Liberty Mutual notified Shoe Sensation that the loss of its three truckloads of merchandise constituted one "occurrence," such that the most Shoe Sensation could recover was $300,000. [*Id.* at 4.] Liberty Mutual included a check for $300,000 with its letter on November 7, 2023, but Shoe Sensation has not cashed that check. [*Id.* at 5.] Shoe Sensation contends that its loss of each truckload of merchandise constitutes a separate "occurrence," such that it should be able to recover $900,000. [*Id.*] Shoe Sensation emphasizes that the value of the merchandise in each of the truckloads is more than $300,000, with a total loss of $1,455,397.38. [*Id.* at 3.]

On February 1, 2024, Shoe Sensation sued Liberty Mutual, alleging claims for breach of contract and bad faith. [Dkt. 1.] The Parties have been engaged in discovery and now have various discovery disputes that are the subject of a pending Motion to Compel filed by Shoe Sensation. [Dkt. 44.]

## II.     LEGAL STANDARD

"Discovery is a mechanism to avoid surprise, disclose the nature of the controversy, narrow the contested issues, and provide the parties a means by which to prepare for trial." *Todd v. Ocwen Loan Servicing, Inc.*, 2020 WL 1328640, at *1 (S.D. Ind. Jan. 30, 2020) (citing 8 Wright & Miller, *Federal Practice and Procedure* § 2001, at 44-45 (2d ed. 1994)). Federal Rule of Civil Procedure 26(b)(1) outlines the scope of permissible discovery and provides that parties to a civil dispute are entitled to discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," and that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." The scope of relevance for discovery purposes

is broader than the scope of relevancy used for trial evidence. *West v. Wilco Life Ins. Co.*, 2023 WL 2917059, at *4 (S.D. Ind. Apr. 12, 2023) (citation omitted). Once relevancy has been established, "the burden shifts to the objecting party to show why a particular discovery request is improper." *Id.* at *3 (citing *Bell v. Pension Comm. of ATH Holding Co., LLC*, 330 F.R.D. 517, 520 (S.D. Ind. 2018)).

The Court's resolution of discovery disputes is guided by proportionality principles. Proportionality is determined by considering "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Proportionality, like other concepts, requires a common sense and experiential assessment." *Todd*, 2020 WL 1328640, at *4. The Court has wide discretion in balancing these factors and deciding the appropriate scope of proportional discovery. *See Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating and Air-Conditioning Eng'rs., Inc.*, 755 F.3d 832, 837 (7th Cir. 2014) (emphasizing that "a district court has broad discretion over pretrial discovery rulings").

### III. DISCUSSION

As previously set forth, the main dispute between the Parties in this lawsuit focuses on the definition of the term "occurrence" in the insurance policy at issue. Shoe Sensation now seeks to compel Liberty Mutual to produce documents related to 1) Liberty Mutual's determinations about the number of "occurrences" for other insureds where that term is in dispute, and 2) Liberty Mutual's loss reserves information related to this case. [Dkt. 45.] For the reasons detailed herein, the Court grants Shoe Sensation's request to compel Liberty Mutual to produce documents related to Liberty Mutual's loss reserves information in this case, as that request was narrowed during the

meet and confer process. The Court keeps Shoe Sensation's other request under advisement at this time.

Shoe Sensation's request for production initially asked Liberty Mutual to produce "[d]ocuments reflecting reserves applied to the Claims." [Dkt. 45-2 (Request for Production #14).] Through the meet and confer process, that request was limited to "specific loss reserves estimates" assigned to Shoe Sensation's "three claims at the time or shortly after they were submitted." [Dkt. 45 at 15.] Shoe Sensation claims that this information is relevant to Shoe Sensation's contention that Liberty Mutual evaluated its claims in bad faith. Shoe Sensation cites case law supporting its position that reserves information is relevant to a bad faith claim. [*Id.* (citing *Westfield Ins. Co. v. TCFI Bell SPE III LLC*, 2018 WL 3439656 (S.D. Ind. 2018)).] Specifically, Shoe Sensation argues that such information can help the insured understand how the insurance company processed and analyzed its claim. [*Id.* (citing *Woodruff v. American Family Mut. Ins. Co.*, 291 F.R.D. 239, 250 (S.D. Ind. 2013)).]

Liberty Mutual opposes Shoe Sensation's motion, arguing that any reserves information set by it is irrelevant to this case. [Dkt. 49 at 22.] Liberty Mutual cites case law that it contends supports its position that the connection between reserves information and the valuation of a claim is too tenuous to require production. [*Id.* (citing *Kleinrichert v. American Family Insurance Group*, 2011 WL 470614 (S.D. Ind. 2011)).] Liberty Mutual points out that reserves information can be necessary in cases where claim valuation is at issue, which Liberty Mutual emphasizes is not the case here since the value of the missing merchandise is not in dispute. [*Id.* at 23.]

In reply, Shoe Sensation argues that "[w]hether Liberty initially set reserves for three claims, rather than just one claim, is directly relevant" to how the claim was valued and whether that valuation was done in good faith. [Dkt. 53 at 9-10.] Shoe Sensation emphasizes that during

4

the meet and confer process related to this discovery dispute, Shoe Sensation further narrowed its request such that it now only seeks information "about whether Liberty first set three—rather than one—reserves rather than the details of the amount of the reserves." [*Id.* at 10 (citing dkt. 45-5).]

After reviewing the Parties' arguments and the applicable case law, the Court agrees with Shoe Sensation that Liberty Mutual must produce information related to Shoe Sensation's narrowed request—specifically, whether Liberty Mutual set three reserves rather than one in response to the insurance claims submitted by Shoe Sensation. That information is clearly relevant to Shoe Sensation's bad faith claim against Liberty Mutual, particularly given the Parties' dispute about whether Shoe Sensation's loss constitutes one occurrence or three occurrences under the applicable policy. In fact, this Court has previously held that a decision to deny production of reserves information related to a bad faith claim was erroneous as contrary to law. *Kelly v. Lincoln Nat'l Life Ins. Comp.*, 2018 WL 2063690, at *3 (S.D. Ind. 2018). Given that this information is clearly relevant in this case and Liberty Mutual does not argue that it would be unduly burdensome to produce it, the Court grants Shoe Sensation's request to compel production of the narrowed scope of reserves information requested.

Liberty Mutual's reliance on *Kleinrichert* is not persuasive. In that case, the insured's bad faith claim was based on an allegation that the insurance company denied a claim "without reasonable investigation." 2011 WL 470614, at *4. *Kleinrichert* held that the connection between the reserves information and the valuation of the claim in that case was "too loose to require production" given the nature of the claim at issue. *Id.* at *5. That is not the case here. Shoe Sensation does not base its bad faith claim on the premise that Liberty Mutual failed to investigate the claim; rather, Shoe Sensation alleges that Liberty Mutual deemed the three losses at issue to be one "occurrence" under the insurance policy in order to pay Shoe Sensation less money. Thus,

5

the number of reserves Liberty Mutual set—while not dispositive of Shoe Sensation's bad faith claim—is clearly relevant and subject to production in this case. Accordingly, the Court grants Shoe Sensation's Motion to Compel such that Liberty Mutual must produce documents related to whether Liberty Mutual first set three reserves or whether it set one. Because Shoe Sensation no longer seeks the details of the amount of any reserves set, Liberty Mutual may redact that specific information in its production.

## IV.     CONCLUSION

For the reasons stated herein, the Court **GRANTS IN PART** Shoe Sensation's Motion to Compel, such that Liberty Mutual must produce documents related to Shoe Sensation's narrowed request regarding reserves information related to this case. Specifically, **no later than January 3, 2025**, Liberty Mutual must produce documents related to whether Liberty Mutual first set three reserves or whether it set one. Because Shoe Sensation no longer seeks the details of the amount of any reserves set, Liberty Mutual may redact that specific information in its production. Given the Settlement Conference scheduled in this case for January 7, 2025, it is unlikely that this deadline will be extended. The other request in Shoe Sensation's Motion to Compel related to Liberty Mutual's determinations about number of "occurrences" for other insureds where that term is in dispute remains **UNDER ADVISEMENT**. [Dkt. 44.]

Date: 12/27/2024

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email